## THOMAS TREES vs. ISRAEL RUSHWORTH.

Whether "the damages demanded exceed twenty dollars," and thus entitle either party to demand a trial by jury before a justice of the peace under *St.* 1852, *c.* 314, is to be determined by the *ad damnum* in the writ.

A motion to dismiss an action in the court of common pleas, for the refusal of the justice of the peace before whom it has been commenced to order a jury, cannot be entertained after the first term, even if a similar motion has been made before the justice.

ACTION OF CONTRACT, commenced before a justice of the peace on the 27th of October 1855, to recover $17.95 according to an account annexed to the writ. The *ad damnum* in the writ was $40. The defendant on the return day demanded in writing a trial by jury. But the justice declined to order a jury to be summoned, on the ground that it was apparent from an inspection of the entire record, that the sum actually claimed and sought to be recovered was less than twenty dollars; and continued the action. The defendant, at an intermediate day, in writing, denied the plaintiff's right to maintain his action, and filed an account in set-off; and on the day to which the action had been continued, filed a motion that the action be dismissed, which was disallowed; and he thereupon submitted to be defaulted, and appealed to the court of common pleas. After the case had been in that court three terms, he renewed his motion to dismiss, which was allowed by *Perkins*, J., and the action dismissed accordingly, and judgment given for the defendant for his costs. The plaintiff appealed.

*T. K. Ware*, for the plaintiff.

*G. F. Bailey*, for the defendant.

DEWEY, J. Upon the principal point argued in this case, the right of the defendant in this action, on the trial before the justice of the peace, to have a trial by jury, we have no hesitation in ruling that the justice erred in refusing the request of the defendant for a jury. Prior to the *St.* of 1852, *c.* 314, no such right could be claimed in a trial before a justice. By the provisions of that statute the jurisdiction of justices of the peace was extended from twenty dollars to one hundred dollars, with

the further enactment that " where the damages demanded exceed twenty dollars," either party to the action may, on the return day of the writ, demand a trial by jury.

The question before us is whether the right to have a jury is to depend upon the statement of the demand in the declaration, or the amount stated in the *ad damnum* of the writ. Upon this point the analogies are very striking, as found in many cases that have been decided under other statutes, particularly those regulating rights of appeal, some of which are very like the present case in their language, as in the case of *St.* of 1820, *c.* 79, § 4, allowing an appeal in a personal action in which " the debt or damages demanded shall exceed the sum of one hundred dollars." The construction of this provision arose in a case where the demand or cause of action set out in the declaration was less than one hundred dollars, but the *ad damnum* was stated at more than one hundred dollars. This court held that, as to the right of appeal, " the debt or damages demanded " must be fixed by the sum stated in the *ad damnum*, and not by the sum stated in the declaration. *Chamberlain* v. *Cochran*, 8 Pick. 522. In accordance with this has always been the practical construction of the *St.* of 1840, *c.* 87, as to the question whether a case could be removed from the court of common pleas to this court. See also *Hapgood* v. *Doherty*, 8 Gray, 373.

The court are therefore of opinion that the justice erred in not ordering a jury as requested in the present case. Nor do we think that the defendant's pleading subsequently to the merits of the case was any waiver of his rights. He could do no otherwise, as he could not appeal at that stage of the case.

How far the right of appeal, when exercised, opens in the higher court questions of irregularity in the course of the trial below, may require further consideration, when a case arises in which that point shall be found necessary to be decided. The trial on the appeal is for the most part a trial independent of that below, and is given for the purpose of securing another tribunal to pass upon the whole case. Hence all questions of admission or rejection of evidence, and all rulings in matters of

law, as well as the finding upon the facts, are in such cases by the appeal rendered unimportant, and are not the subject of consideration by the appellate court. Rev. Sts. *c.* 85, § 13. *Ball* v. *Burke*, 11 Cush. 80. All questions of jurisdiction of the court before whom a cause is pending are of course always open, and a motion to dismiss the appeal would properly present an inquiry as to the jurisdiction of the justice.

But in the present case the justice clearly had jurisdiction. His jurisdiction was, by the statute already cited, extended to all civil actions wherein the debt or damages demanded do not exceed the sum of one hundred dollars. The case was therefore properly before him, and it was his duty to have ordered a jury upon the request of the defendant. His failure to order a jury was no cause for a motion to him to dismiss the action, and the filing of such a motion could not be the basis for any future order of the court of common pleas to dismiss the same, the justice having jurisdiction of the case, although there may have been a mistrial.

Upon the appeal to the court of common pleas, if any objection was open there to this mistrial by reason of the justice's refusal to order a jury, (upon which we express no opinion,) it was not one founded on the want of jurisdiction, for which the court may be moved at any stage of the case; but a motion to dismiss for informality in the proceedings before the justice, and an erroneous ruling as to the mode of trial before him. Such motion, if sustainable at all, should have been made at the first term of the entry of the action in the court of common pleas, and, if not then made, must be considered as waived. In the present case it was not until the fourth term of the pendency of the action in the court of common pleas that a motion to that court to dismiss the action was made. This we think was too late, and all objections to the proceeding before the justice were waived by the delay. The order for dismissing this case, made by the court of common pleas, was erroneous, and is to be set aside, and the case remitted for trial.